The judgment of the court was pronounced by
Slidell, J.
Hagerty prayed the dismissal of the suit upon the ground that the citation was illegal, because signed by a deputy clerk, and because legal service had not been made. The first ground is palpably frivolous, and is abandoned in argument. As to service, the return is as follows: “ Received, April 2,1850, and on the same day, proceeded to the residence of M. J. Wilkins, the defendant’s place of abode, and found him absent. I therefore served a copy of the within citation, together with a certified copy of the petition, by handing the same to M. J. Wilkins, living in the house with said Hagerty, being a free white person above the age of fourteen years.” The first objection is, that no mention is made “ where the domicil or house inhabited by the defendant is situated,” and the appellant cites the article 201 of the Code of Practice. The officer who served the writ was the deputy of the sheriff of the parish of More-house. If he had returned, in express terms, that the abode of the defendant was in the parish of Morehouse, the objection would be untenable. But as the sheriff could not lawfully make a service out of the limits of his parish, and as he has served it in this case, we are bound in the absence of contrary evidence to presume in favor of what has been done by the public officer, acting under oath, that it was rightfully done: that is to say, that the service was made in the parish of Morehouse, and, consequently, that the defendant’s abode was in that parish. See Kendrick v. Kendrick, 19 L. R. 37.
The next objection is, that the return does not state that it was served “ at the usual place of domicil or residence of the defendant.” We think the expression “ place of abode,” satisfies the requisitions of the code. Arts. 189, 201.
The next objection is, that the return does not state “ whether the name of the person was known to him, or whether he learned it by interrogating the person.” From the officer’s certificate, that the person was M. J. Wilkins, we are bound to presume that he knew him to be that person. There is perhaps some obscurity in the English text of article 201 C. P. The French text is less ambiguous.
The action is against Hagerty, Aaron Livingston and R. D. Livingston, on a note in the following words and form: “ $420. Parish of Morehouse, February 22, 1849. On the first day of January, eighteen hundred and fifty, we, or either of us, promise to pay to William J. Whiting and Susan DeGraffenreid, his wife, the sum of four hundred and twenty dollars, the balance due on the sale of slaves purchased by the undersigned of Whiting and wife, as per instrument under private signature, bearing even date herewith. Jonathan Hagerty ; Elizabeth (her ¡x¡ mark) McLendore. Aaron Livingston, R. D. Livingston, sureties. Attest: J. H. Emsailer.”
Judgment was asked against the defendants in solido, and was so rendered in the court below. The note was the only evidence offered.
Aaron and R. D. Livingston contend, that they were erroneously condemned in solido. They argue that upon the face of the instrument, fairly construed, they are not bound in solido, but are mere sureties., The joint and several words, “ we or either of us” apply, it is said, to Hagerty and McLendore, and are not to be considered as used by the sureties, so as to bring them under that class of sureties who are bound in solido with the debtor, and as contemplated in the art. 3014 of the Civil Code. We deem it unnecessary to pass upon this question of construction. For if they are not sureties who have bound *688 themselves in solido with the debtor, they are at all events ordinary sureties. As such, they have not entitled themselves to discussion, “ because they have not furnished a sufficient sum to have the discussion carried into effect. C. C. 3016. They are also, as sureties, “ each individually liable for the whole debt incase of insolvency of one of them;” C. C. 3018; arid not having pleaded the exception of division, they were properly condemned in solido. McCausland v. Lyons, 4th Ann. 273.
On the part of Hagerly the appeal is manifestly frivolous, and the plaintiff is entitled to damages.
It is therefore decreed, that the judgment be affirmed with costs. And it is further decreed, that the plaintiffs recover from the defendant, Jonathan Hagerty, the further sum of eleven dollars as damages for a frivolous appeal.